475 F.3d 131
 In re ENRON CORPORATION, Enron North America Corporation, Debtors,
Bernard H. Glatzer, Claimant-Appellant,
v.
Enron Corporation, Enron North America Corporation, Debtors-Appellees.
 Docket No. 05-5599-bk.
 United States Court of Appeals, Second Circuit.
 Argued: November 2, 2006.
 Decided: January 29, 2007.
 
 Bernard H. Glatzer, Bronx, NY, pro se for Claimants-Appellant.
 Richard L. Levine, Weil, Gotshal & Manges LLP, New York, N.Y. (James P. Muenker, Luis G. Zambrano, of counsel, Weil, Gotshal & Magnes LLP, Dallas, TX,), for Debtors-Appellees.
 Before POOLER, and KATZMANN, Circuit Judges.*
 KATZMANN, Circuit Judge.
 
 
 1
 Bernard Glatzer ("Glatzer") appeals from an order dismissing his bankruptcy appeal for failure to comply with the appellate procedures dictated by the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). Glatzer's contention, simply put, is that he has not violated the Bankruptcy Rules, and thus that the decision to dismiss his appeal was error. This case calls on us to resolve a question of first impression in this Circuit: does the docketing of a bankruptcy appeal that does not comply with Bankruptcy Rule 8007 ("Rule 8007") trigger the fifteen-day deadline for an appellant to file an opening brief set forth in Bankruptcy Rule 8009 ("Rule 8009")?
 
 
 2
 This appeal arises out of Glatzer's tireless efforts to receive compensation for the alleged misappropriation by Debtors-Appellees Enron Corporation and Enron North America Corporation (collectively "Enron") of Glatzer's idea to securitize oil and gas reserves. Although the story of Glatzer's quest is not germane to the issues that are before us, we offer the following brief description of the history of the instant litigation to provide the necessary context for this Opinion.
 
 I.
 
 3
 Beginning on December 2, 2001, Enron and related entities filed for bankruptcy in the Bankruptcy Court of the Southern District of New York. In re Enron Corp., 333 B.R. 205, 211 (Bankr.S.D.N.Y.2005). Glatzer filed three proofs of claim seeking to recover from the Enron estate, and Enron filed objections to each of them. The bankruptcy court (Gonazlez, J.) sustained Enron's objections and disallowed Glatzer's proofs of claims on April 9, 2004. Glatzer's timely notice of appeal of the bankruptcy court's order was filed in the bankruptcy court on April 19. Notice of Glatzer's appeal was docketed in the Southern District of New York on June 23 and his case was assigned to District Judge Deborah A. Batts. No notice of the docketing of his appeal was ever sent to Glatzer.[1]
 
 
 4
 On December 27, 2004, Glatzer served and filed a letter requesting permission to file a motion to adjourn his appeal and lift the automatic stay so that he could join Enron in an action he was pursuing in state court "on the [s]ame [c]laims." Enron responded with a letter which both opposed the relief sought in Glatzer's letter and requested leave to file a motion to dismiss Glatzer's appeal for failure to file an opening brief within the time required under Rule 8009. In a letter dated January 4, 2005, Glatzer responded to Enron's letter and addressed the timeliness issue. Glatzer argued that his time to file a brief had not run because he had not received notice that his appeal had been docketed.
 
 
 5
 On January 20, Judge Batts dismissed Glatzer's appeal for failure to comply with Rule 8009. Judge Batts viewed the docketing of Glatzer's appeal alone as sufficient to start Rule 8009's fifteen-day clock running. Glatzer's argument that he had not received notice of the docketing was construed to be one of "excusable neglect" and was rejected because Glatzer admitted that he knew of the docketing of the appeal.
 
 
 6
 Glatzer filed a motion for rehearing on February 7, largely raising the same arguments that he had raised in his January 4 letter. Glatzer's motion for rehearing was denied in an order dated August 26, 2005. On September 26, Glatzer filed a notice of appeal of the district court's January 20 and August 26 Orders.[2]
 
 II.
 
 7
 We review the dismissal of a bankruptcy appeal on procedural grounds by a district court for abuse of discretion. In re Harris, 464 F.3d 263, 268 (2d Cir.2006). Because the district court proceeded "on the basis of an erroneous view of the applicable law," id. (internal quotation marks and citation omitted), we respectfully conclude that it abused its discretion.
 
 
 8
 Rule 8009 provides in relevant part: "Unless the district court . . . excuses the filing of briefs or specifies different time limits . . . [t]he appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." Fed. R. Bankr.P. 8009(a) (emphasis added). When Rule 8009 references Rule 8007, it is referring to the Rule 8007(b), which sets forth the procedure for the docketing of a bankruptcy appeal in the district court:
 
 
 9
 When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court or the clerk of the bankruptcy appellate panel. On receipt of the transmission the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed.
 
 
 10
 Fed. R. Bankr.P. 8007(b) (emphasis added). The central question presented by this appeal is what it means, for purposes of Rule 8009, that an appeal is entered on the docket "pursuant to Rule 8007."
 
 
 11
 While this question is one of first impression in this Circuit, it has been addressed by the Third Circuit. In In re Jewelcor, Inc., the Third Circuit reviewed a district court's dismissal of a bankruptcy appeal under Rule 8009, where it was undisputed "that the district court clerk failed to send notice to the parties of the date on which the appeal was docketed." 11 F.3d 394, 396 (3d Cir.1993). The Third Circuit reversed the district court and held that the appellant "did not fail to comply with Rule 8009(a), because the limitations clock did not start ticking until the clerk of the district court gave notice of the docketing as required by Rule 8007(b)." Id. at 399.
 
 
 12
 Jewelcor's author, Judge Aldisert, served as chairman of the Advisory Committee on Bankruptcy Rules at the time Rules 8007 and 8009 were drafted. See id. at 398 n. 1. Judge Aldisert pointed out that while "the drafters of [Rule 8009] could have started the time-clock ticking with the transmission of the record by the bankruptcy court clerk," they chose instead to start "the time period with the twin actions of the district court clerk prescribed in Rule 8007:(1) The clerk shall enter the appeal in the docket and (2) give notice promptly to all parties." Id. at 398 (internal punctuation, quotations and alterations omitted.) Judge Aldisert went on to explain the significance of this choice:
 
 
 13
 The notice requirement is an integral part of limitations periods found throughout our rules of procedure and the bankruptcy code. Rule 8007 is no exception. As we will not condone an appellant's dilatory tactics in filing an appeal, we will not hold an appellant accountable for a third party's oversight that was beyond the appellant's knowledge and control.
 
 
 14
 
 Id.
 
 
 
 15
 The Third Circuit's reading of Rule 8009 in Jewelcor has been adopted by the Fourth Circuit. See In re Weiss, 111 F.3d 1159, 1172 (4th Cir.1997) ("Rule 8009(a)(1) provides that bankruptcy appellants must file their briefs within fifteen days after entry of the appeal on the docket. The notice that the court clerk sends to the appellant triggers the time period." (citing Jewelcor, 11 F.3d at 397-98) (additional citation omitted)). We join with the Fourth Circuit in following Judge Aldisert's persuasive reasoning and hold that the fifteen-day period of Rule 8009(a)(1) is only triggered once the appeal has been docketed in the district court and notice of the docketing of the appeal has been sent to all parties.
 
 
 16
 The debtors, citing no case law on point, argue that an appeal has been docketed within the meaning of Rule 8007 when the notice of appeal is docketed in the district court, triggering the running of the fifteen-day filing period, irrespective of whether notice is sent to the parties as required by the Rule. But such an interpretation is unfair to the appellant when the notice of the docketing is not mailed promptly, thus cutting into the already brief period which bankruptcy appellants are given by rule to file their briefs. As Judge Aldisert put it:
 
 
 17
 Without notice from the clerk of the district court, an appellant cannot be certain of the precise date on which the appeal was docketed. Given the extremely restricted time period in which the appellant is to file the brief, notice to the parties from the district court clerk is critical.
 
 
 18
 Jewelcor, 11 F.3d at 398.
 
 
 19
 The debtors also argue that Jewelcor is distinguishable, principally because Glatzer had actual notice that his appeal was docketed.[3] While Jewelcor focuses on notice concerns, those concerns inform its interpretation of the text of Rule 8009. Jewelcor is unequivocal that its holding is compelled by its reading of the Rule's language. Id. Because we join with the Third and Fourth Circuits in their reading of that language, the fact that the district court clerk had not sent notice to the parties of the docketing means that for Glatzer's appeal Rule 8009's fifteen-day clock never began to run.[4]
 
 III.
 
 20
 The district court premised its decision to dismiss Glatzer's appeal on the view that the docketing of the appeal was itself sufficient to start the fifteen-day clock. For the reasons set forth above, the fifteen days given to an appellant to file a brief only begins to run once the appeal is docketed and notice has been sent, therefore the January 20 and August 26 orders of the district court are REVERSED and the bankruptcy appeal is REMANDED to the district court for further proceedings consistent with this Opinion. The pending motion to strike Glatzer's reply brief is DENIED.
 
 
 
 Notes:
 
 
 *
 The Honorable Roger J. Miner was originally a member of this panel but recused himself from consideration of this appeal. The remaining two members of the panel, who are in agreement, decide this appeal in accordance with Second Circuit Local Rule § 0.14
 
 
 [1]
 Glatzer claims that he spoke with Judge Batts' chambers in July 2004 about his appeal. Judge Batts indicated that her chambers has no record of the alleged conversation
 
 
 [2]
 The district court's orders were entered on the docket on January 24 and August 29, respectively
 
 
 [3]
 InJewelcor, while the parties had received a letter informing them that the bankruptcy court clerk had sent the appeal record to the district court clerk, it was unclear whether they had actual knowledge that their appeal had been docketed in the district court. 11 F.3d at 396.
 
 
 [4]
 We have considered all of Enron's other arguments and consider them to be without merit. We do not reach any of the arguments by either party going to the substance of Glatzer's claims