SUMMARY ORDER
We assume the parties’ familiarity with the underlying facts and procedural history of this case. Appellant Frank David Seinfeld, a former WorldCom shareholder, filed in the bankruptcy court for the Southern District of New York a Motion for Permission to Prosecute Stockholder’s Derivative Action in District Court and the Second Circuit Court of Appeals. The bankruptcy court denied the motion. Seinfeld appealed this ruling to the district court. On November 17, 2006, the district court clerk’s office docketed the appeal and notified the parties’ counsel electronically that Seinfeld’s brief would be due on December 4, 2006, in accordance with Bankruptcy Rule 8009(a)(1). This rule provides that “[t]he appellant shall seive and file a brief within 15 days after entry *877 of the appeal on the docket pursuant to Rule 8007.” Fed. R. Bankr.P. 8009(a)(1).
Seinfeld did not file a brief until January 5, 2007, without having been granted an extension of time. The United States District Court for the Southern District of New York (Cote, J.) granted a motion to dismiss the appeal based on untimeliness. The court found that the explanations provided by Seinfeld’s counsel for his failure to meet the deadline did not meet the “excusable neglect” standard set forth in Bankruptcy Rule 9006. The court also applied the four-factor test for excusable neglect set forth in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), concluding that the factors tilted in favor of World-Com. Among other things, the court determined that the prejudice to Seinfeld from dismissal of his appeal was minimal, given that his stockholder’s derivative claims had already been entertained and rejected by the bankruptcy court, the district court, and the Court of Appeals. Seinfeld moved to reconsider and amend the judgment, but the district court denied this motion as well.
We review both the dismissal of the appeal and the denial of the motion for reconsideration for abuse of discretion. See, e.g., Glatzer v. Enron Corp. (In re Enron Corp.), 475 F.3d 131, 133 (2d Cir. 2007); Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir.2004). We detect none.
For the foregoing reasons, the orders of the district court are AFFIRMED.