**In re: BEST PAYPHONES, INC., Debtor,**

**Best PayPhones, Inc., Appellant,**

v.

**Verizon New York Inc., Appellee.**

**No. 08–4046–bk.**

United States Court of Appeals, Second Circuit.

May 21, 2009.

George M. Gilmer, Brooklyn, NY, for Appellant.

Darryl S. Laddin, Arnall Golden Gregory LLP, Atlanta, GA, for Appellee.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES, SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Appellant Best PayPhone, Inc. appeals from a judgment of the District Court dismissing its appeal of an order of the U.S. Bankruptcy Court for the Southern District of New York. The District Court dismissed the appeal pursuant to Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure because of Best's failure to file a timely brief. Appellee Verizon New York, Inc., has moved for damages and costs pursuant to Rule 38 of the Federal Rules of Appellate Procedure on the ground that this appeal is frivolous. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review for abuse of discretion a district court's decision to dismiss a bankruptcy appeal for failure to comply with Rule 8009(a)(1), which requires a bankruptcy appellant to "serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." *See In re Enron Corp.*, 475 F.3d 131, 133 (2d Cir.2007). Best argues that its failure to file a brief should be excused because (1) notice was not mailed to Best's counsel of record and (2) the oral notice provided by a law clerk of the District Judge did not constitute adequate notice that the appeal had been docketed. These arguments are without merit. As the District Court explained, "[o]n Best's theory, even now, more than eight months after Best filed its notice of appeal, more than four months after that appeal was docketed, and three months after receiving actual notice from court personnel, Best's fifteen-day clock still has not even begun." *In re Best Payphones, Inc.*, No. 08 Civ. 2553 (S.D.N.Y. July 21, 2008). The record shows unambiguously that Best had actual notice that the appeal had been docketed

but nevertheless failed to file a brief as required by Rule 8009(a)(1).

Our holding in *In re Enron Corporation* is not to the contrary. There, we rejected a construction of the rule under which "the docketing of the appeal was itself sufficient to start the fifteen-day clock," and we held that "the fifteen days given to an appellant to file a brief only begins to run once the appeal is docketed and notice has been sent." 475 F.3d at 134–35. We rejected the argument that actual knowledge—by a *pro se* litigant—satisfied the notice requirement, but there was no finding in that case that the knowledge had been acquired by notice from the court. Here, the appeal was docketed and notice was provided to Best by court personnel; neither the rule nor our precedents require more. We therefore see no error, much less abuse of discretion, in the decision of the District Court to dismiss the appeal.

 Although we see no merit in Best's argument, that does not make this appeal frivolous within the meaning of Rule 38 of the Federal Rules of Appellate Procedure, which authorizes the award of damages and costs to an appellee having to defend against a frivolous appeal. "The standard for the imposition of such a penalty is where the appeal taken is found to be groundless, without foundation, and without merit...." *In re Drexel Burnham Lambert Group*, 995 F.2d 1138, 1147 (2d Cir.1993). That is not the case here. Although Best relied on an overly literal reading of our holding in *In re Enron Corp.* that was lacking merit, it was not devoid of any foundation in law. *See id.* ("Sanctions may be imposed when one party proceeds with an argument totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and

utterly unsupported by the evidence." (internal quotation marks omitted)). Because Best's argument is meritless but not frivolous, we deny Verizon's motion for damages and costs pursuant to Rule 38.

Accordingly, we AFFIRM the judgment of the District Court and DENY appellee's Rule 38 motion.